**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QIANG LIN,** | : | **CIVIL ACTION NO. 1:26-CV-2403** |
| | : | |
| **Petitioner,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE WARDEN of Pike County Correctional Facility,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Presently before the court is a petition for the writ of habeas corpus (Doc. 1) by the petitioner, Qiang Lin. Lin, a citizen of the People's Republic of China, has been detained since being subject to a vehicle stop on July 18, 2026. (Doc. 9-1 at 2). Lin argues, *inter alia*, he should be immediately released from Immigration and Customs Enforcement ("ICE") custody because his detention was improperly instigated without a warrant. (Doc. 11 at 2-4). The Government does not meaningfully engage with this portion of Lin's brief. The government merely states the Attorney General "may issue a warrant for the arrest and detention of a noncitizen pending a decision on whether it will remove [him]" (Doc. 9 at 3), without answering why the warrant in question was apparently issued *after* Lin was detained. (Docs. 1 at 5-6, 11 at 3-4). After consideration, and as explained below, we conclude Lin cannot be rightfully detained under the current circumstances and will order his immediate release.

Pursuant to 8 C.F.R. § 1226(a), the Attorney General has the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed

from the United States. 8 C.F.R. § 1226(a), Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (holding detention under Section 1226(a) is authorized "only 'on a warrant issued' by the Attorney General leading to the alien's arrest.") (citation modified). Similarly, under 8 C.F.R. § 1236.1, at "the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1. This language clearly establishes the arrest and detention of an individual who is 'suspected to be removable' are justified only by the issuance of a warrant.

Lin argues the warrant in his case was issued *after* his detention had been initiated. The record supports his allegation. The parties agree the vehicle stop occurred on July 18, 2026. (Doc. 9-1 at 2). The I-213 form supplied by the government shows Lin's arrest occurred just past midnight in the early hours of July 19, 2026. (Id. at 1). More impactfully, the notice of removability from July 30, 2026 states the relevant notice to appear was served on Lin on July 19, 2026. (Doc. 9-2 at 3). Further, the government's own exhibits show the notice to appear ("NTA") was rejected twice for various defects on July 20 and July 21. (Doc. 9-2 at 5-6). The logical conclusion from those records is the NTA issued, at the earliest, on July 21. Lin argues this shows there was no warrant for his arrest when he was detained on July 18, meaning the government does not have proper authority to detain him, and release is therefore the only appropriate remedy.

As mentioned above, the government does not attempt to rebut those facts, instead focusing on other arguments brought by Lin in the alternative. (See Doc. 9). Further, the government makes a factual representation which appears to be untrue, alleging Lin was detained in part because "officials charged him with a crime that caused serious bodily injury [.]" (Doc. 9 at 3). This is, of course, a very serious allegation which, if true, would bear directly on the propriety of Lin's detention (as well as the operative statute under which he is detained). But the government identifies no evidence supporting this bald allegation. On the contrary, the government's own exhibits seem to disprove the allegation, stating Lin has no criminal record nor outstanding warrants. (See Doc. 9-1 at 3). Lin's argument is therefore undisputed by the record.

Lin's detention without a warrant is a clear violation of the law which plainly cannot be resolved by a bond hearing. Therefore, the appropriate remedy is release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973) (summarizing the origin and evolution of the writ of habeas corpus and explaining the modern function of the writ is "as a remedy available to effect discharge from any confinement contrary to the constitution or fundamental law [.]"); see also Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378 at *6 (M.D. Pa. Feb. 26, 2026) (wherein this court held that, where a bond hearing would clearly not be an effective remedy for impermissible detention, the appropriate alternative is release).

Therefore, the court will grant the petition and order Lin's immediate release. An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania